IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

ERIC VENTERS,

      Defendant.

Case No. 06-cr-40064-SMY

**ORDER**

      This matter comes before the Court on Defendant's Motion to Seal Records. (Doc 79). There is a presumption that documents filed with the court, as well as the other information presented to it in connection with a judicial determination, are to be publicly available. *Nixon v. Warner*, 435 U.S. 589, 602 (1978); *Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir.2002). As a result, good cause is required to seal any portion of the court's record, *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999), and the movant bears the burden of proving that such cause exists. *In re Bank One Securities Litigation*, 222 F.R.D. 582, 588 (D.N.D.Ill.2004). The request is addressed to the court's discretion. *Nixon v. Warner*, 435 U.S. 589, 599 (1978); *Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302 (7th Cir. 1984).

      Determining whether there is sufficient cause to seal anything can only be made on a case by case basis, after weighing the proffered reasons for secrecy against the competing interests of disclosure and public access. *Nixon*, 435 U.S. at 599. The Court should not simply and uncritically accept the assertions of confidentiality but is, instead, "duty-bound ... to review any request to seal the record (or part of it)." *Citizens First*, 178 F.3d at 945. To facilitate this review, the materials submitted in connection with a motion to seal should "analyze in detail, document

by document, the propriety of secrecy, providing reasons and legal citations.... Motions that simply assert a conclusion, without the required reasoning, ... have no prospect of success." *Baxter Int'l, Inc. v. Abbott Labs.,* 297 F.3d 544, 548 (7th Cir. 2002).

Defendant has not satisfied his burden of proving that there is cause to seal Court records. He has simply asserted, without any analysis, that the records "are hearsay and inaccurate speculation, which slander children and myself [Defendant]." Accordingly, the motion to file under seal is DENIED.

**IT IS SO ORDERED.**
**DATED: December 3, 2014**

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**